DEBRA W. YANG
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
JASON K. AXE
Assistant United States Attorney
California Bar Number 187101
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-8827
    Facsimile: (213) 894-7819

Attorneys for Defendant
United States Postal Service

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ROBERT NIGG AND KEITH LEWIS,<br><br>        Plaintiffs,<br><br>    v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>        Defendant. | No. SACV 03-1611 GLT (ANx)<br><br>**(1) NOTICE OF MOTION AND MOTION OF DEFENDANT UNITED STATES POSTAL SERVICE TO DISMISS THE COMPLAINT, OR IN THE ALTERNATIVE, TO TRANSFER TO THE COURT OF FEDERAL CLAIMS;**<br><br>**(2) MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Fed. R. Civ. P. 12(b)(1), 28 U.S.C. § 1631]<br><br>DATE: ~~May 31,~~ June 7, 2004<br>TIME: 10:00 a.m.<br>CTRM: Hon. Gary L. Taylor |

**NOTICE OF MOTION AND MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO**

**TRANSFER TO THE COURT OF FEDERAL CLAIMS**

PLEASE TAKE NOTICE that on May 31, 2004, at 10:00 a.m., or as soon thereafter as the parties may be heard, defendant United States Postal Service ("Defendant") will bring for hearing a

Motion to Dismiss(2) - 343.wpd

DOCKETED ON CM

MAY 10 2004

BY _____ 037

motion to dismiss this action, or in the alternative, to transfer the Fair Labor Standards Act claim to the Court of Federal Claims. The hearing will take place before the Honorable Gary L. Taylor, United States District Judge, in his Courtroom, United States Courthouse, 411 West Fourth Street, Santa Ana, CA 90012.

Defendant respectfully moves this Court to dismiss this action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on the ground that this Court lacks jurisdiction over Plaintiffs' claims. In the alternative, Defendant moves to transfer Plaintiff's Fair Labor Standards Act claim to the Court of Federal Claims, pursuant to 28 U.S.C. § 1631.

This Motion is based on the Memorandum of Points and Authorities attached hereto, all of the pleadings on file with the Court, and upon such other and further arguments, documents, and grounds as may be advanced in the future. This motion is made following the conference of counsel, pursuant to L.R. 7-3, which took place on April 30, 2004.

DATED: May 6, 2004.

Respectfully submitted,

DEBRA W. YANG
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division

_____
JASON K. AXE
Assistant United States Attorney
Attorneys for Defendant

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION AND SUMMARY OF ARGUMENT

On September 24, 2003, Plaintiffs Robert Nigg and Keith Lewis filed this action in Orange County Superior Court against the United States Postal Service ("USPS") alleging claims for (1) Failure to Pay Wages, (2) Unfair Business Practices, and (3) Conversion. On November 13, 2003, Defendant removed this action to district court, and on January 20, 2004, Defendant filed a motion to dismiss. On March 19, 2004, this Court dismissed Plaintiffs' complaint with leave to amend for lack of subject matter jurisdiction. On April 7, 2004, Plaintiffs filed an amended complaint alleging claims for (1) Violation of the Fair Labor Standards Act and (2) Unfair Business Practices.[1]

This Court lacks subject matter jurisdiction over Plaintiffs' state-law Unfair Business Practices claim against the USPS. Plaintiffs have failed to allege valid jurisdictional grounds and a waiver of sovereign immunity for their Unfair Business Practices claim, therefore, the claim should be dismissed.

This Court also lacks jurisdiction over Plaintiffs' FLSA claim. Pursuant to the Tucker Act, jurisdiction of this claim is proper in the Court of Federal Claims. Therefore, this Court should either dismiss Plaintiffs' FLSA claim or transfer it to the Court of Federal Claims.

---

[1] Although not specified in the Amended Complaint, the "Unfair Business Practices" claim appears to be based on California Business and Professions Code § 17200, which states, in part, "[U]nfair competition shall mean and include any unlawful, unfair or fraudulent business act."

## II. ARGUMENT

### A. THIS COURT LACKS JURISDICTION OVER PLAINTIFFS' UNFAIR BUSINESS PRACTICES CLAIM.

A party suing the United States, its agencies, and officers must allege a basis for the court's jurisdiction and bears the burden of establishing that jurisdiction exists. See Fed. R. Civ. P. 8(a)(1); Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986). A party suing the United States, its agencies, and officers must also allege a specific statute containing a waiver of the government's immunity from suit. See Baker v. United States, 817 F.2d 560, 562 (9th Cir. 1987) (party bringing cause of action against federal government bears burden of showing unequivocal waiver of immunity); see also Thomas v. Pierce, 662 F. Supp. 519, 523 (D. Kan. 1987). The waiver of sovereign immunity must be unequivocally expressed in statutory text and will not be implied. Lane v. Pena, 518 U.S. 187, 192, 116 S. Ct. 2092-93, 135 L. Ed. 2d 486 (1996). Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign. Id.

Plaintiffs' complaint fails to allege a waiver of sovereign immunity as to the state-law Unfair Business Practices claim. Plaintiffs' complaint only alleges that the United States has waived the sovereign immunity of the Postal Service over claims alleging a violation of the FLSA. (Amended Complaint at 3.) Therefore, because Plaintiffs have failed to allege a valid waiver of sovereign immunity as to their Unfair Business Practices claim, that claim should be dismissed from the

complaint.[2]

## B. THE COURT OF FEDERAL CLAIMS HAS JURISDICTION OVER PLAINTIFFS' FAIR LABOR STANDARDS ACT CLAIM.

Plaintiffs allege that this Court has jurisdiction over their FLSA claim pursuant to 28 U.S.C. § 1331 and 39 U.S.C. § 409(a). Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Section 409(a) provides "the United States district courts shall have original but not exclusive jurisdiction over all actions brought by or against the Postal Service." 39 U.S.C. § 409(a).

Both of the jurisdictional statutes cited by Plaintiffs are general in nature, however, a specific grant of jurisdiction restricts a general grant of jurisdiction. See, e.g., Carpenter v. Principi, 327 F.3d 1371, 1374 (Fed. Cir. 2003) ("Where there is no clear intention otherwise, a specific statute will not be controlled or nullified by a general one, regardless of the priority of enactment." (quoting Morton v. Mancari, 417 U.S. 535, 550-51, 94 S. Ct. 2474, 41 L. Ed. 2d 290 (1974)); see also California Trout, Inc. v. FERC, 313 F.3d 1131, 1137 (9th Cir. 2002) (quoting Morton).

---

[2] Although Plaintiffs have alleged 28 U.S.C. § 1367 (Supplemental Jurisdiction) as a basis for subject matter jurisdiction (presumably concerning the "Unfair Business Practices" claim), a statute providing supplemental jurisdiction does not constitute a waiver of any sovereign immunity on the part of the United States. See United States v. Certain Land Situated in the City of Detroit, 361 F.3d 305, 307 (6th Cir. 2004) (citing (Lane v. Pena, 518 U.S. 187, 192, 116 S. Ct. 2092, 135 L. Ed.2d 486 (1996))).

The Tucker Act, codified at 28 U.S.C. §§ 1346 and 1491, is the specific statute that grants jurisdiction to the Court of Federal Claims over Plaintiffs' FLSA claim. See Saraco v. Hallett, 831 F. Supp. 1154, 1159 (E.D. Pa. 1993), aff'd 61 F.3d 863 (Fed. Cir. 1995). The Tucker Act creates no substantive right of recovery, rather, it waives sovereign immunity and defines the limits of federal jurisdiction in actions against the United States for non-tort money damages. Id. (citing United States v. Testan, 424 U.S. 392, 400, 96 S. Ct. 948, 954, 47 L. Ed. 2d 114 (1976)). Because the Tucker Act provides a specific waiver of sovereign immunity and defines the limits of federal jurisdiction, that statute takes precedence over general jurisdictional statutes such as 28 U.S.C. § 1331 and 39 U.S.C. § 409(a).

Section 1346, referred to as the "Little Tucker Act," grants United States district courts concurrent jurisdiction with the United States Court of Federal Claims over non-tort claims against the United States not exceeding $10,000 in amount. See 28 U.S.C. § 1346(a)(2). Section 1491, referred to as the "Big Tucker Act," grants the Court of Federal Claims exclusive jurisdiction over non-tort claims against the United States in excess of $10,000. See Wilkins v. United States, 279 F.3d 782, 786 (9th Cir. 2002) (citing 28 U.S.C. § 1346(a)(2) and 1491(a)(1)); see also Waters v. Rumsfeld, 320 F.3d 265, 270 (D.C. Cir. 2003) (Court of Federal Claims had exclusive jurisdiction to adjudicate claims by military commissary employees for unpaid overtime pursuant to FLSA).

The Tucker Act governs FLSA claims against the Postal Service because the Postal Service is part of the United States Government. By statute, the Postal Service has been defined as an independent establishment of the executive branch of the Government of the United States. 39 U.S.C. § 201; <u>United States Postal Service v. Flamingo Indus.</u>, 124 S. Ct. 1321, 1325 (2004). Regarding the question whether the Postal Service is independent or part of the Government, the Supreme Court noted:

> The statutory designation of the Postal Service as an "independent establishment of the executive branch of the Government of the United States" is not consistent with the idea that it is an entity existing outside the Government. The statutory instruction that the Postal Service is an establishment "of the executive branch of the Government of the United States" indicates just the contrary. The PRA gives the Postal Service a high degree of independence from other offices of the Government, but it remains part of the Government.

<u>Id.</u> As a result of this finding, the <u>Flamingo</u> Court held that the Postal Service was not a separate antitrust person from the United States, and that it was part of the Government of the United States and thus not controlled by the antitrust laws. <u>Id.</u> at 1329-30.

Generally, in determining whether this Court has jurisdiction over an action, the Court must find both (1) that a substantive right exists permitting Plaintiffs to recover money from the United States, and (2) there is a law endowing this Court with jurisdiction to enforce that right. See <u>Saraco v.</u>

1  United States, 61 F.3d 863, 865 (Fed. Cir. 1995) (citing
2  Zumerling v. Devine, 769 F.2d 745, 749 (Fed. Cir. 1985)).
3      In Saraco, employees of the Customs Service brought an FLSA
4  action challenging their classification as "exempt employees"
5  under the FLSA and asserting their rights to compensation for
6  overtime work. Saraco, 61 F.3d at 864. In Zumerling, the
7  Federal Circuit had previously recognized that the FLSA contained
8  the requisite waiver of sovereign immunity, meaning it conferred
9  the right to recover money from the United States, but that only
10 the Tucker Act provided jurisdiction for suits to enforce that
11 right. Id. at 865. The court in Saraco followed the Federal
12 Circuit's earlier decision in Zumerling, upholding the principle
13 that the Tucker Act was the appropriate statute governing whether
14 jurisdiction was proper in the district court or the Court of
15 Federal Claims for FLSA claims.
16     Here, Plaintiffs have not specifically limited their FLSA
17 claims against the Postal Service to $10,000 each. (See
18 generally Complaint.) Nonetheless, in light of the nature of
19 Plaintiffs' demands for unpaid wages and overtime, and absent
20 assertion by Plaintiffs to the contrary, it is reasonable for
21 this Court to conclude that they are seeking money damages in
22 excess of $10,000. Therefore, because Plaintiffs' non-tort
23 claims exceed $10,000, this Court lacks jurisdiction over
24 Plaintiffs' claims, and those claims should be dismissed.
25     Alternatively, pursuant to 28 U.S.C. § 1631, Defendant moves
26 to transfer the FLSA claim to the Court of Federal Claims. If a
27 court lacks jurisdiction over a claim, "the court shall, if it is
28 in the interest of justice, transfer such action or appeal to any

other such court in which the action or appeal could have been brought at the time it was filed or noticed," which in this case, would be to the Court of Federal Claims. See 28 U.S.C. § 1631; Waters v. Rumsfeld, 320 F.3d 265, 272 n.8 (D.C. Cir. 2003). Therefore, Defendant moves in the alternative for a transfer of Plaintiffs' FLSA claim to the Court of Federal Claims.

### C. ALL FURTHER PROCEEDINGS SHOULD BE STAYED BY THIS COURT PENDING THE DETERMINATION OF THE MOTION TO TRANSFER.

No further proceedings, including a determination of Plaintiff's Motion for Certification of a Collective Action, may be taken until 60 days after the Court has ruled upon this motion to transfer. 28 U.S.C. § 1292(d)(4)(B).[3] This stay includes a stay of discovery. See Consolidated Edison Co. of New York v. United States, 54 F. Supp. 2d 364, 365-67 (S.D.N.Y. 1999).

/ / /
/ / /

---

[3] When a motion to transfer an action to the Court of Federal Claims is filed in a district court, no further proceedings shall be taken in the district court until 60 days after the court has ruled upon the motion. If an appeal is taken from the district court's grant or denial of the motion, proceedings shall be further stayed until the appeal has been decided by the Court of Appeals for the Federal Circuit. The stay of proceedings in the district court shall not bar the granting of preliminary or injunctive relief, where appropriate and where expedition is reasonably necessary. However, during the period in which proceedings are stayed as provided in this subparagraph, no transfer to the Court of Federal Claims pursuant to the motion shall be carried out.

28 U.S.C. § 1292(d)(4)(B).

### III. CONCLUSION

On the basis of the foregoing, Plaintiffs' Complaint should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, or in the alternative, Plaintiffs' FLSA claim should be transferred to the Court of Federal Claims.

Dated: May 6, 2004

Respectfully submitted,

DEBRA W. YANG
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division

_____
JASON K. AXE
Assistant United States Attorney
Attorneys for Defendant

PROOF OF SERVICE BY MAILING

I am over the age of 18 and not a party to the within action. I am employed by the Office of United States Attorney, Central District of California. My business address is 300 North Los Angeles Street, Suite 7516, Los Angeles, California 90012.

On May 6, 2004 served (1) NOTICE OF MOTION AND MOTION OF DEFENDANT UNITED STATES POSTAL SERVICE TO DISMISS THE COMPLAINT; (2) MEMORANDUM OF POINTS AND AUTHORITIES on persons or entities named below by enclosing a copy in an envelope addressed as shown below and placing the envelope for collection and mailing on the date and at the place shown below following our ordinary office practices. I am readily familiar with the practice of this office for collection and processing collection and mailing, it is deposited in the ordinary course of business within the United States Postal Service in a sealed envelope with postage fully prepaid.

Date of mailing: May 6, 2004.  Place of mailing: Los Angeles, California.

Person(s) and/or Entity(ies) To Whom Mailed:

Daniel A Osborn
Beatie & Osborn
521 5th Ave, 34th Fl
New York, NY 10175

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on: May 6, 2004 at Los Angeles, California.

STEPHANIE STEVENSON