## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 03-01611-JVS (ANx) | Date | October 7, 2011 |

| | |
|---|---|
| Title | Robert Nigg, et al. v. U.S. Postal Service, et al. |

Present: The Honorable     James V. Selna

| Karla Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**    **(In Chambers) Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment (fld 9-2-11) and Denying Plaintiffs' Motion for Summary Judgment (fld 9-2-11)**

Defendant United States Postal Service ("the Postal Service") moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. Plaintiffs Robert Nigg ("Nigg") and Keith Lewis ("Lewis"), acting on behalf of current and former postal inspectors (collectively, "the Inspectors" or "Postal Inspectors"), cross-move for summary judgment pursuant to Federal Rule of Civil Procedure 56. The Inspectors oppose the Postal Service's motion and the Postal Service opposes the Inspectors' motion.[1] For the following reasons, the Postal Service's motion is GRANTED IN PART AND DENIED IN PART and the Inspectors' motion is DENIED.

I.     <u>BACKGROUND</u>

Nigg and Lewis, retired postal inspectors, bring this action on behalf of similarly situated current and former postal inspectors.[2] They allege that the Inspectors are entitled

---

[1]  The Court refers to the parties' briefing as follows: the Postal Service's Motion for Summary Judgment, Docket No. 309 ("Def.'s Mot. Br."); Plaintiffs' Motion for Summary Judgment, Docket No. 311 ("Pltfs.' Mot. Br."); the Postal Service's Memorandum in Opposition to Plaintiffs' Motion for Summary Judgment, Docket No. 322 ("Def.'s Opp'n Br."); Plaintiffs' Memorandum in Opposition to Defendant's Motion for Summary Judgment, Docket No. 324 ("Pltfs.' Opp'n Br."); the Postal Service's Reply Brief in Support of its Motion for Summary Judgment, Docket No. 337 ("Def.'s Reply Br."); Plaintiffs' Reply Memorandum in Further Support of Their Motion for Summary Judgment, Docket No. 335 ("Pltfs.' Reply Br.").

[2]  The Inspectors contend that their motion is made on behalf of postal inspectors including those that worked at Level 14 of the Inspection Service Law Enforcement ("ISLE") pay schedule during the class period. (Pltfs.' Mot. Br. 1, n.1.) However, on September 26, 2011,

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 03-01611-JVS (ANx) | Date | October 7, 2011 |

| | |
|---|---|
| Title | Robert Nigg, et al. v. U.S. Postal Service, et al. |

to overtime pay under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et al. The Postal Service does not pay the Inspectors FLSA overtime, maintaining that the statute governing their pay, 39 U.S.C. § 1003(c), precludes overtime pay and, in the alternative, that the Inspectors are exempt from overtime pay under the FLSA.

This case is on remand from the Ninth Circuit. The Court had originally granted summary judgment in favor of the Postal Service on the grounds that 39 U.S.C. § 1003(c) gives the Postal Service discretion to provide "availability pay" rather than FLSA overtime. Section 1003(c) requires Postal Inspectors to be paid "on a standard of comparability to the compensation and benefits paid for comparable levels of work in the executive branch of the Government outside the Postal Service." In granting summary judgment, the Court had noted that Postal Inspectors are comparable to certain other federal law enforcement officers that receive availability pay under the Law Enforcement Availability Pay Act ("LEAP"), Pub. L. No. 103-329 § 633, 108 Stat. 2382 (1994), codified at 5 U.S.C. § 5545a.

The Ninth Circuit reversed on the grounds that the Court had not considered whether other executive branch employees, such as Customs Officers, uniformed Secret Service officers, or U.S. Park Police officers, (1) perform work that is comparable to the work performed by the Inspectors, and (2) are eligible for FLSA overtime. Nigg v. U.S. Postal Serv., 555 F.3d 781, 788 (9th Cir. 2009). The Ninth Circuit remanded with instructions to consider this issue. Id. at 790.

On remand, the Postal Service moved for summary judgment on the grounds that there is no genuine issue of fact that there are no other executive branch employees who perform comparable work that are eligible for FLSA overtime. The Court denied the motion, concluding that a genuine issue of fact remained as to whether Federal Air Marshals, who are eligible for FLSA overtime, perform a level of work comparable to that of the Inspectors. (Docket No. 259.) The Postal Service moved for reconsideration of the Court's order denying summary judgment (Docket No. 262) and the Inspectors cross-moved for summary judgment on the issue of comparability (Docket No. 264). The Court denied both motions. (Docket No. 279 at 12.)

---

the Court granted the Postal Service's motion for partial judgment on the pleadings and dismissed with prejudice all ISLE Level 14 postal inspectors from the class. (Docket No. 347 at 5.) Therefore, the class of similarly situated current and former postal inspectors includes only those postal inspectors that were classified at ISLE Level 13 or below during the class period.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 03-01611-JVS (ANx) | Date | October 7, 2011 |

| | |
|---|---|
| Title | Robert Nigg, et al. v. U.S. Postal Service, et al. |

The Postal Service now moves for summary judgment on the grounds that it is not liable to the Inspectors under the FLSA's administrative exemption, the FLSA's highly compensated employee exemption, and a good faith affirmative defense. The Inspectors move for summary judgment on the grounds that they are entitled to overtime pay under section 207(a)(1) the FLSA, neither of the exemptions identified by the Postal Service apply, and the Postal Service is not entitled to a good faith defense.

II.    LEGAL STANDARD

Summary judgment is appropriate only where the record, read in the light most favorable to the nonmoving party, indicates that "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). Summary adjudication, or partial summary judgment "upon all or any part of a claim," is appropriate where there is no genuine issue of material fact as to that portion of the claim. Fed. R. Civ. P. 56(a), (b); see also Lies v. Farrell Lines, Inc., 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks omitted).

Material facts are those necessary to the proof or defense of a claim, and are determined by reference to substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322. A fact issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. To demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (internal quotation marks and citations omitted). In deciding a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).

The burden initially is on the moving party to demonstrate an absence of a genuine

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 03-01611-JVS (ANx)          Date   October 7, 2011

Title   Robert Nigg, et al. v. U.S. Postal Service, et al.

issue of material fact. Celotex, 477 U.S. at 323. If the moving party meets its burden, then the nonmoving party must produce enough evidence to rebut the moving party's claim and create a genuine issue of material fact. See id. at 322-23.  If the nonmoving party meets this burden, then the motion will be denied. Nissan Fire & Marine Ins. Co. v. Fritz Co., Inc., 210 F.3d 1099, 1103 (9th Cir. 2000).

     Where the parties have made cross-motions for summary judgment, the Court must consider each motion on its own merits. Fair Hous. Council of Riverside Cnty., Inc. v. Riverside Two, 249 F.3d 1132, 1136 (9th Cir. 2001). The Court will consider each party's evidentiary showing, regardless of which motion the evidence was tendered under. See id. at 1137.

III.   DISCUSSION

     The FLSA provides that "no employer shall employ any of [its] employees  . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of [forty hours] at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). The Inspectors are covered by the FLSA. See 29 U.S.C. §§ 203(e)(2)(B), 203(x). The Inspectors are required to work an average of fifty hours per week. (Docket No. 312, Attachment 27 ("Lewis Decl.") ¶ 4; Docket No. 312, Attachment 28 ("Nigg Decl.") ¶ 4.) For the hours they must work in excess of forty hours per week, the Inspectors are compensated at their regular rate of pay, not at one and one-half times their regular rate. (Lewis Decl. ¶ 7; Nigg Decl. ¶ .) These facts are undisputed.

     The Postal Service argues that the Inspectors are exempt from overtime wages under the FLSA's administrative exemption and highly compensated employee exemption. The Postal Service also argues that even if the Inspectors are entitled to overtime wages under the FLSA, it is entitled to a good faith defense to liability under the Portal-to-Portal Act of 1947, 29 U.S.C. § 259. The Postal Service argues that it is therefore entitled to summary judgment.

     The Inspectors argue that neither the administrative exemption nor the highly compensated employee exemption applies and that the Postal Service is not entitled to a good faith defense to liability under the Portal-to-Portal Act. The Inspectors therefore argue that they are entitled to summary judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 03-01611-JVS (ANx)                    Date   October 7, 2011

Title   Robert Nigg, et al. v. U.S. Postal Service, et al.

A.   <u>Administrative Exemption</u>

Although 29 U.S.C. § 207(a)(1) provides for overtime wages, the FLSA imposes
the following administrative exemption: "section 207 of this title shall not apply with
respect to any employee employed in a bona fide . . . administrative . . . capacity." 29
U.S.C. § 213(a)(1). "The FLSA delegates to the Secretary of Labor broad authority to
define and delimit the scope of the administrative exemption." <u>In re Farmers Ins. Exch.,
Claim Representatives' Overtime Pay Litig.</u>, 481 F.3d 1119, 1127 (9th Cir. 2007)
(internal quotation marks and brackets omitted) (citing 29 U.S.C. § 213(a)(1)). In
accordance with that duty, the Secretary has formulated the "short duties" test, <u>id.</u>, which
provides that the administrative exemption applies to any employee:

> (1) Compensated on a salary or fee basis at a rate of not less than $455 per week . .
> . ;
> (2) Whose primary duty is the performance of office or non-manual work directly
> related to the management or general business operations of the employer or the
> employer's customers; and
> (3) Whose primary duty includes the exercise of discretion and independent
> judgment with respect to matters of significance.

29 C.F.R. § 541.200. The Inspectors concede that they earn more than $455 per week.
(Plfts.' Mot. Br. 10 n.3.) Thus, the parties agree that the first element of the test is met.
The parties, however, dispute several issues: (1) whether legal authority already
establishes that the Inspectors are covered by the administrative exemption, (2) whether
the second and third elements of the section 541.200 test are met, and (3) whether another
Department of Labor regulation precludes application of the administrative exemption to
the Inspectors.

1.   *Do the 1976 Department of Labor Opinion Letter, <u>Dymond</u>, and
     <u>Sprague</u> Establish that the Inspectors are Covered by the
     Administrative Exemption?*

The Postal Service argues that legal authority already establishes that the
Inspectors are covered by the administrative exemption. Specifically, the Postal Service
argues that a Department of Labor ("DOL") opinion letter from 1976 ("the 1976 opinion
letter") (Def.'s Mot. Br., Ex. 4), <u>Dymond v. United States Postal Service</u>, 670 F.2d 93
(8th Cir. 1982), and <u>Sprague v. United States</u>, 677 F.2d 865 (Ct. Cl. 1982) conclusively

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 03-01611-JVS (ANx)                    Date   October 7, 2011

Title   Robert Nigg, et al. v. U.S. Postal Service, et al.

establish that the Inspectors are administratively exempt from overtime pay.

In November 1976, the Chief Postal Inspector sent a letter ("request letter") to the Administrator of the DOL Wage and Hour Division seeking an opinion on whether Postal Inspectors were exempt from overtime wages under the administrative exemption of the FLSA. (Def.'s Mot. Br., Ex. 3 at 10480.) The request letter explained that the responsibilities of Postal Inspectors fall into three main categories: (a) investigation of violations of federal statutes relating to the Postal Service, (b) the protection of mail, postal funds, and property, and (c) internal audit of all Postal Service financial and non-financial operations. (Id.) The letter went on to explain that Postal Inspectors' duties fall within the three main categories of (1) criminal investigations, (2) security, and (3) audit. (Id. at 10481.)

In response, the Department of Labor expressed its opinion that Postal Inspectors were covered by the administrative exemption because they "appear to have as their primary duty the performance of work directly related to the general business operation of their employer, including the exercise of discretion and judgment." (Def.'s Mot. Br., Ex. 4 at 10484.) Two federal decisions in 1982 endorsed the Department of Labor's opinion. In Dymond, the district court had ruled that the Postal Service had satisfied the requirements of the good faith reliance test under the Portal-to-Portal Act, 29 U.S.C. § 259(a). See Dymond, 670 F.2d at 95. The Eighth Circuit affirmed the district court's decision, concluding that the Inspectors "clearly fall within the class of employees to be excluded from overtime compensation" and that there was "nothing in the regulations to indicate an inconsistent or erroneous interpretation by the agency or the district court." Id. at 96. Similarly, in Sprague, the Court of Claims held that the Inspectors were covered by the administrative exemption and therefore did not have a claim for overtime compensation. 677 F.2d at 869.

The Inspectors argue, however, that significant changes in the law and Inspectors' job duties render the DOL's 1976 opinion letter, Dymond, and Sprague no longer controlling.

The Inspectors argue that changes in the law, specifically the promulgation of 29 C.F.R. § 541.3(b)(1), have altered the legal basis for the 1976 opinion letter, Dymond, and Sprague. (Pltfs.' Opp'n Br. 16-17; Pltfs.' Reply Br. 5-6.) However, the DOL expressed its intention that the regulation not change existing law. See 69 Fed. Reg. 22122-01, 22129, 2004 WL 865626. In fact, the Inspectors have agreed that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 03-01611-JVS (ANx) | Date | October 7, 2011 |
|---|---|---|---|

| Title | Robert Nigg, et al. v. U.S. Postal Service, et al. |
|---|---|

regulation did not change existing law. (Pltfs.' Mot. Br. 12, n.4 ("Section 541.3(b)(1) . . .
[was] not intended to depart from established law. . . . Rather, the Department of Labor
simply meant to make clear that law enforcement personnel, fire and safety personnel,
and other first responders are entitled to overtime pay.").) Moreover, as explained in
Section III.A.3. below, even if the regulation did change some existing law, the
regulation does not necessarily apply to the Inspectors. Thus, the Court cannot conclude
that changes in the law have rendered the legal authority cited by the Postal Service not
controlling.[3]

However, the Inspectors' duties have changed since the 1980s. <u>Dymond</u>  and
<u>Sprague</u> both described the Inspectors' duties as including non-investigative functions
such as auditing and developing and implementing new programs. <u>Dymond</u>, 670 F.2d at
94 n.2 ("Inspectors are responsible for conducting criminal, civil and administrative
investigations to uncover violations of postal laws. However, inspectors also have
administrative functions, such as developing and implementing new programs, training
new personnel, maintaining security, and financial auditing of postal procedures.");
<u>Sprague</u>, 677 F.2d at 865 ("Postal inspectors conduct criminal, civil, and administrative
investigations concerning the postal laws. They also perform numerous non-investigative
functions such as auditing, training new personnel, maintaining security, and developing
and implementing new programs."). However, as explained in Section III.A.2.b below,
the Inspectors have offered evidence that they do not develop and implement new
programs. Nor do they audit anymore. In fact, the Postal Service concedes that the audit
function was transferred from the Inspection Service to the Office of the Inspector
General ("OIG") following the creation of the OIG in 1996. (Def.'s Reply Br. 23.) The
altered job description for the Postal Inspector position demonstrates that auditing ceased
being one of the Inspectors' assigned duties by 2001. (<u>See</u> Miskanic Decl. ¶ 53.)

The Postal Service argues that this change in duties does not affect the viability of

---

[3]  At the hearing, the parties discussed the fact that the 1976 opinion letter did not
explicitly state that the Inspectors' primary duty was the performance of office or non-manual
work or that their discretion and judgment related to matters of significance. Nonetheless, the
Inspectors pointed out that the regulations the DOL applied in the 1976 opinion letter included
those requirements. Accordingly, in concluding that the Postal Inspectors were administratively
exempt under the regulations, the DOL implicitly found that their primary duty was the
performance of office or non-manual work and that their discretion and judgment related to
matters of significance .

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 03-01611-JVS (ANx) | Date | October 7, 2011 |

| | |
|---|---|
| Title | Robert Nigg, et al. v. U.S. Postal Service, et al. |

the 1976 opinion letter because the Inspectors' duties "are not significantly different
today than they were when the Inspection Service had responsibility for conducting
audits." (Def.'s Reply Br. 23.) However, in requesting the DOL's opinion in 1976, the
Postal Service specified that there were three main categories of Inspectors' duties:
criminal investigations, security, and audit. (Def.'s Mot. Br., Ex. 3.) Thus, removing the
audit duty from Inspectors' work seems to alter the administrative exemption analysis,
particularly because audit work is more administrative in nature than many criminal
investigation and security duties.[4]

The Postal Service also argues that the 1976 opinion letter should be given full
effect because "[i]n concluding that all Postal Inspectors qualified as exempt under the
FLSA's administrative exemption, DOL did not make any distinction between Postal
Inspectors based on the functional area they worked in (e.g., fraud investigations vs.
financial audits)." (Def.'s Reply Br. at 24.) This is true. However, the Court does not
believe that the Postal Service's characterization of the Postal Service's request letter as
"not[ing] that some Postal Inspectors were assigned <u>exclusively</u> to audits" is completely
accurate. (<u>Id.</u>, emphasis added.) The Postal Service's request letter to the DOL stated that
Inspectors in small offices performed criminal, audit and security work and Inspectors in
larger offices were "generally specialists in a particular area, such as fraud investigations,
or financial audits." (Def.'s Mot. Br., Ex. 3.) The letter did not explicitly say that
specialists performed <u>only</u> one type of duty. It would have been reasonable to conclude
that even specialists performed some of the other major duties set forth in the letter,
including the audit duty. In light of the prominence of auditing as one of the Inspectors'
three main duties listed in the letter, the Court thinks it likely that the Department of
Labor relied on the assumption that Inspectors generally performed audit work in
rendering its opinion. The Court therefore believes that because auditing was one of the
three main duties set forth in the Postal Service's request letter and auditing is a more

---

[4] The Postal Service provides evidence that the percentage of the Inspectors' work
devoted to audits in 1971, 1972, and 1973 was 17%, 16%, and 14%, respectively. (Docket No.
323, Attachment 6 at 12.) The Postal Service also points out that in 1999, Postal Inspectors
charged 11% of their direct time to audit projects. (Docket No. 312, Attachment 17 at 7.) This
evidence, however, is not sufficient for the Court to conclude as a matter of law that the
Inspectors' duties have not changed significantly. Notably, the evidence does not address what
percentage of the Inspectors' work was audit work after 1999. In light of the prominent
discussion of Postal Inspectors' auditing duties in the Postal Service's request letter and the
subsequent discharge of auditing duties, the Court is not prepared on this record to conclude as a
matter of law that the Inspectors' duties have not changed significantly.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 03-01611-JVS (ANx) | Date | October 7, 2011 |
|---|---|---|---|

| Title | Robert Nigg, et al. v. U.S. Postal Service, et al. |
|---|---|

administrative duty than some of the Inspectors' other duties, the removal of auditing from the Inspectors' duties constituted a significant change that casts doubt on the continued legitimacy of the 1976 opinion letter as the basis for classifying the Inspectors as administratively exempt.

In light of the failure of the 1976 opinion letter, <u>Dymond</u>, and <u>Sprague</u> to fully address either the second or third prong of the current administrative exemption test and because auditing is no longer performed by the Inspectors, the Court finds that the legal authorities cited by the Postal Service do not establish as a matter of law that Postal workers are covered by the FLSA's administrative exemption.

> 2. *Does the Administrative Exemption Test, 29 C.F.R. § 541.200, Cover the Inspectors?*

The contested prongs of the administrative duty test require the Court to consider the Inspectors' primary duty. An employee's "primary duty" is "the principal, main, major or most important duty that the employee performs." 29 C.F.R. § 541.700(a). "Determination of an employee's primary duty must be based on all the facts in a particular case, with the major emphasis on the character of the employee's job as a whole." <u>Id.</u>

> a. *Is the Inspectors' Primary Duty the Performance of Office or Non-Manual Work Directly Related to the Management or General Business Operations of the Postal Service or its Customers?*

> i. *Office or Non-Manual Work*

The Postal Service argues that the Inspectors' primary duty is the performance of office or non-manual work. They identify a number of duties performed by the Inspectors, including providing training, conducting installations, educating customers, making recommendations to management, determining which areas to investigate, investigating areas of misconduct, participating in negotiations for administrative resolutions of disputes with mailers, preparing written reports, and serving as witnesses in criminal, civil, and administrative proceedings. (<u>See</u> Miskanic Decl. ¶ 24-44.) They offer evidence that the Inspectors' main work site is an office either attached to a Postal facility or in a private building. (Miskanic Decl. ¶ 45.) Each Inspector has his or her own office

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 03-01611-JVS (ANx)                    Date   October 7, 2011

Title   Robert Nigg, et al. v. U.S. Postal Service, et al.

space and is assigned a telephone and computer. (Id.) The Inspectors also work outside their offices, performing duties such as interviewing witnesses, meeting with Postal Service employees and management, and attending meetings. (Id. ¶ 46.) Although they conduct surveillance, their surveillance is generally not particularly physical and, rather, consists of sitting and observing individuals. (Id. ¶ 47.) Additionally, the Postal Service points out that the Department of Labor's regulations give examples of the types of duties that involve manual work[5] and note that the Inspectors do not perform the types of duties listed. (Def.'s Mot. Br. 17.)

The Inspectors, on the other hand, argue that, as a matter of law, their primary duty is manual work. They counter the extensive list of non-manual duties in the Miskanic Declaration, asserting that most of the duties Miskanic identifies are not primary duties of the Inspectors. (See Docket No. 327, Ex. K ("Supp. Nigg Decl.") ¶ 3; Docket No. 327, Ex. L ("Supp. Lewis Decl.") ¶ 3.) For example, Nigg states that certain duties, including developing programs, engaging in outreach to customers, providing training, and making recommendations to management, are performed infrequently. (Supp. Nigg Decl. ¶¶ 3(a) (b),(e),(f), (i).) Instead, the Inspectors argue that their primary work is to conduct criminal investigations. They assert that their primary duties therefore constitute rigorous manual work associated with the investigation, apprehension, and detention of individuals suspected or convicted of crimes. (Plfts.' Mot. Br. 3.) The Inspectors serve search warrants, carry firearms, and make arrests. (Docket No. 321, Defendant's Statement of Genuine Disputes of Material Fact ("Def.'s SGI") ¶¶ 26, 28, 30.) They may be required to exert physical force in the arrest, search, pursuit, and restraint of another person and protect others from imminent danger. (Id. ¶ 42.) They are required to be in sound physical condition and must be capable of performing vigorous physical activity on a sustained basis. (Id. ¶ 41.) In fact, they must pass a physical examination to become an Inspector. (Id. ¶ 37.) The Inspectors argue that these physical duties are their primary duties.

In determining whether the Inspectors' primary duty is office or non-manual work, the Court must consider "all the facts in [the] particular case, with the major emphasis on the character of the employee's job as a whole." 29 C.F.R. § 541.700(a). In this case, the Postal Service has offered evidence that a substantial amount of the Inspectors' actual daily work is either office work or performed outside the office but non-manual. On the

---

[5] The regulations describe office, non-manual work as including "work involving repetitive operations with [the employee's] hands, physical skill and energy." 29 C.F.R. § 541.601.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 03-01611-JVS (ANx) | Date | October 7, 2011 |
|---|---|---|---|

| Title | Robert Nigg, et al. v. U.S. Postal Service, et al. |
|---|---|

other hand, the Inspectors have offered evidence that some of their most important duties require manual, non-office work. Neither party has demonstrated as a matter of law which of the Inspectors' multitude of duties constitute their "primary duty" in this respect. Additionally, the Court notes that the declarations submitted — the Miskanic Declaration for the Postal Service, and the Nigg and Lewis Declarations for the Inspectors — conflict with each other as to which type of the Inspectors' duties are most important. Thus, after reviewing the evidence presented, the Court finds that a triable issue of fact remains as to whether the Inspectors' primary duty is office or non-manual work.[6]

Accordingly, the Court declines to grant summary judgment to either party on this issue.

> ii.    *Directly Related to the Management or General Business Operations of the Postal Service or its Customers*

The parties also dispute whether the Inspectors' primary duty is directly related to the management or general business operations of the Postal Service or its customers. To meet this requirement, the employee "must perform work directly related to assisting with the running or servicing of the business, as distinguished, for example, from working on a manufacturing production line or selling a product in a retail or service establishment." 29 C.F.R. 541.201(a). "Work directly related to management or general business operations includes, but is not limited to, work in functional areas such as tax; finance; accounting; budgeting; auditing; insurance; quality control; purchasing; procurement; advertising; marketing; research; safety and health; personnel management; human resources; employee benefits; labor relations; public relations; government relations; computer network, internet and database administration; legal and regulatory compliance; and similar activities." 29 C.F.R. 541.201(b).

---

[6]   At the hearing, the Postal Service argued that the Inspectors have not raised a triable issue of fact because they have not presented evidence that they perform their manual duties frequently. An employee's primary duty, however, may be his "most important" task, not necessarily the task he performs most frequently, and must be considered in light of all of the facts, particularly the character of his job as a whole. 29 C.F.R. § 541.700(a). The Court therefore finds that the Inspectors have raised a triable issue of fact as to whether their primary duty involves office or non-manual work.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 03-01611-JVS (ANx) | Date | October 7, 2011 |
|---|---|---|---|

| Title | Robert Nigg, et al. v. U.S. Postal Service, et al. |
|---|---|

The Inspectors are part of the United States Postal Service Inspection Service ("Inspection Service"), the primary investigative and security arm of the Postal Service. (Miskanic Decl. ¶ 9.) The mission of the Inspection Service is to support and protect the Postal Service and its employees, infrastructure, and customers, enforce the laws that defend the nation's mail system from illegal or dangerous use, and ensure public trust in the mail. (Id.) The Inspectors safeguard hundreds of thousands of postal employees, millions of customers who use the Postal Service, thousands of facilities, and millions of dollars in Postal Service assets. (Id. ¶¶ 10, 13.) The Postal Service therefore argues that the Inspectors' primary duty directly relates to the general business operations of the Postal Service.

Although the Inspectors counter that this element of the administrative exemption test is not met, they do concede that their work "directly affects the business operations of the Postal Service by protecting postal employees, postal assets, and postal customers." (Docket No. 326, Plaintiffs' Statement of Disputed Facts ("Pltfs.' SDF") ¶ 16.) Even assuming that the Inspectors' description of their primary duties is correct, those duties relate to the general business operations of the Postal Service and its customers. By performing law enforcement functions, including the investigation, apprehension, and detention of individuals suspected or convicted of crimes relating to the Postal Service, the Inspectors protect Postal Service employees and customers, bolster public trust in the mails, and help avoid revenue loss. (Miskanic Decl. ¶¶ 10, 12-14.) The business of the Postal Service is not to conduct law enforcement investigations and apprehend criminals; rather, the Postal Service's business is to provide safe and reliable mail service. See Adam v. Untied States, 26 Cl. Ct. 782, 784, 791 (1992) ("[T]he business of the Post Office is delivering the mail."). Thus, the Inspectors' duties support the general business operations of the Postal Service and its customers.[7]

The Inspectors counter that law enforcement activities such as investigation, apprehension, and detention are not generally considered managerial or directly related to the general business operations of the employer. (Pltfs.' Opp'n Br. 5-6, Pltfs.' Reply Br.

---

[7] Even without identifying one concrete primary duty of the Inspectors, the Court is able to reach this finding because all of the Inspectors' duties function to support the general business operations of the Postal Service. Even the duties of investigation, apprehension, and detention of individuals suspected or convicted of crimes, which are identified by the Inspectors as their primary duties, are duties that function to support the general business operations of the Postal Service.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 03-01611-JVS (ANx) | Date | October 7, 2011 |

| | |
|---|---|
| Title | Robert Nigg, et al. v. U.S. Postal Service, et al. |

10.) In support of their assertion that law enforcement activities do not directly relate to the management or general business operations of the employer, the Inspectors cite <u>Reich v. New York</u>, 3 F.3d 581, 586 (2nd. Cir. 1993), <u>Bratt v. County of Los Angeles</u>, 912 F.2d 1066, 1068-70 (9th Cir. 1990), <u>Mulverhill v. New York</u>, No. 87-CV-853, 1994 WL 263594, at *4 (N.D.N.Y. May 19, 1994), <u>Roney v. United States</u>, 790 F. Supp. 23, 27 (D.D.C. 1992), <u>D'Camera v. District of Columbia</u>, 693 F. Supp. 1208, 1211 (D.D.C. 1988), Ahern v. New York, 807 F. Supp. 919, 926 (N.D.N.Y. 1992), <u>Adam v. Untied States</u>, 26 Cl. Ct. at 784, 789, <u>Amshey v. United States</u>, 26 Cl. Ct. 528, 602 (1992). (Plfts.' Opp'n Br. 5-6.)

However, these cases do not apply where the employees' law enforcement duties are intended to provide support for their employer's business operations, instead of being the commodity or service that the employer exists to provide. As explained in <u>Mulverhill</u>, "the distinction drawn by the Secretary is 'between those employees whose primary duty is administering the business affairs of the enterprise and those whose primary duty is producing the commodity or commodities, whether goods or services, that the enterprise exists to produce and market." 1994 WL 263594, at *4 (quoting <u>Dalheim v. KDFW-TV</u>, 918 F.2d 1220, 1230 (5th Cir. 1990) (brackets omitted)). The cases cited by the Inspectors involve law enforcement officers working for law enforcement agencies. The commodity produced by law enforcement agencies is law enforcement services. Therefore, where law enforcement officers are working for law enforcement agencies, their primary duty — the investigation and prevention of crime — is the commodity that their employer exists to produce. The Postal Service, on the other hand, exists to provide mail delivery. The law enforcement duties of the Inspectors are not the commodity that the Postal Service exists to produce because the Postal Service does not exist to provide law enforcement. Instead, the Inspectors' duties function to protect the general business operations of the Postal Service.

In fact, two of the cases cited by the Inspectors explicitly distinguish Postal Inspectors from the law enforcement officers at issue in those cases. In <u>Adam</u>, the court found that the work of Border Patrol agents did not relate to general management or business functions or supporting services, but explicitly differentiated the border patrol agents' primary function from the primary function of Postal Inspectors. 26 Cl. Ct. at 791-92. Distinguishing between border patrol agents and Postal Inspectors, the court explained that "the business of the Post Office is delivering the mail. An employee who works for the Post Office in [an] investigatory role would not appear to be performing a line function in that organization. On the other hand, the end function of the Border

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 03-01611-JVS (ANx) | Date | October 7, 2011 |
|---|---|---|---|

| Title | Robert Nigg, et al. v. U.S. Postal Service, et al. |
|---|---|

Patrol is carried out by the border patrol agents." Id. at 791. See also Roney, 290 F. Supp. at 28 (distinguishing Postal Inspectors from Deputy United States Marshals). The Court finds the distinction between those law enforcement duties that are the service provided by law enforcement agencies and those law enforcement duties that are necessary for safeguarding the business operations of the employer to be a dispositive distinction on this issue.

For the same reason, the Inspectors' reference to the Department of Labor's Field Operations Handbook (Plftfs.' Mot. Br. 14.) is not persuasive. The Handbook states that "in law enforcement organizations, investigation activities are among the primary functions of the 'business.' Therefore, investigations are more related to the day-to-day operations than to the management or general business operations." (Docket No. 312, Attachment 25, Osborn Decl., Ex. Y at 002147 (emphasis added).) This statement explicitly applies to "law enforcement organizations." Unlike police departments and other law enforcement agencies, the Postal Service is not a law enforcement organization. The Inspectors' criminal investigations are not among the primary functions of the business of the Postal Service and, instead, are necessary to support the primary function of delivering mail safely and reliably. Thus, the Handbook does not raise a triable issue of fact as to whether the Inspectors' primary function relates to the general business operations of the Postal Service and its customers.

Finally, the Inspectors argue that they do not fit within any of the job classifications listed as "[w]ork directly related to management or general business operations" in 29 C.F.R. § 541.201(b). However, the job classifications listed in that regulation are not exhaustive.

Accordingly, the Court grants summary judgment on this issue in the Postal Service's favor. The Court holds that the primary duty of the Inspectors is directly related to the general business operations of the Postal Service and its customers.[8]

---

[8] The Inspectors' arguments regarding judicial estoppel do not affect the Court's holding. The Inspectors argue that the Postal Service should be judicially estopped from asserting that the Inspectors' primary duties relate to the management of the Postal Service because in cases before the Merit Systems Protection Board, the Postal Service argued that the Inspectors are not "management or supervisory employees." However, in the Postal Service's summary judgment filings, the Postal Service did not argue that the Inspectors' primary duties directly relate to the management of the Postal Service. Rather, they argue that the Inspectors' primary duties directly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 03-01611-JVS (ANx) | Date | October 7, 2011 |

| | |
|---|---|
| Title | Robert Nigg, et al. v. U.S. Postal Service, et al. |

      b.      *Does the Inspectors' Primary Duty Include the Exercise of Discretion and Independent Judgment with Respect to Matters of Significance?*

      The parties also dispute whether the Inspectors' primary duty includes the exercise of discretion and independent judgment with respect to matters of significance. "In general, the exercise of discretion and independent judgment involves the comparison and evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered." 29 C.F.R. § 541.202(a). The regulation provides a long list of factors to consider in determining whether an employee exercises discretion and independent judgment. See 29 C.F.R. § 541.202(b). The inquiry requires the Court to consider "all facts involved in the particular employment situation in which the question arises." 29 C.F.R. § 541.202(b). "The exercise of discretion and independent judgment implies that the employee has authority to make an independent choice, free from immediate direction or supervision." 29 C.F.R. § 541.202(c). "The term 'matters of significance' refers to the level of importance or consequence of the work performed." 29 C.F.R. § 541.202(a).

      The Postal Service argues that, as a matter of law, the Inspectors' primary duty includes the exercise of discretion and independent judgment with respect to matters of significance. The Inspectors "decide the priority of their investigations, the manner in which they will be investigated, who to interview and what questions to ask, when to request subpoenas, and which investigative techniques to utilize." (Brady Decl. ¶ 12.) They also decide which cases to present for collection and which cases to prosecute. (Id.) They evaluate possible courses of action with respect to individual investigations and have discretion as to which cases or complaints will be investigated. (Id.) Additionally, the Postal Service argues that the Inspectors' work relates to matters of significance because they safeguard hundreds of thousands of Postal Service employees, millions of Postal Service customers, thousands of facilities, and millions of dollars in Postal Service assets. (Miskanic Decl. ¶¶ 10, 13.)

---

relate to the general business operations of the Postal Service. In any event, the Court holds that the Inspectors' primary duty directly relates to the general business operations of the Postal Service. The Court does not address whether their primary duty directly relates to the management of the Postal Service and, therefore, need not consider the judicial estoppel arguments.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 03-01611-JVS (ANx) | Date | October 7, 2011 |

| | |
|---|---|
| Title | Robert Nigg, et al. v. U.S. Postal Service, et al. |

The Inspectors do not dispute that they conduct complex criminal, civil, and administrative investigations, that the investigations vary greatly in size and scope, and that the Inspectors ascertain the best methods and techniques for developing leads and investigating cases based on months of training and guidance from team leaders and the Inspection Service Manual. (SDF ¶¶ 44-46.) They concede that, as part of their work in conducting criminal investigations, the Inspectors present "Presentation Letters" to the United States Attorney's Office for their decision to pursue criminal charges. (Nigg Decl. ¶ 3(s).) The Inspectors even concede that they exercise independence and discretion in performing their day-to-day activities. (SDF ¶ 47.) However, they contend that their primary duty does not involve exercising discretion and independent judgment with respect to matters of significance.

First, the Inspectors argue that they do not meet the factors outlined in 29 C.F.R. § 541.202(b), which must be considered to determine whether the Inspectors exercise discretion and independent judgment with respect to matters of significance. Specifically, they assert that they do not have authority to formulate, affect, interpret, or implement management policies or operating procedures, carry out major assignments, perform work that affects business operations to a substantial degree, have authority to commit the Postal Service in matters that have significant financial impact, have authority to waive or deviate from established policies without prior approval, have authority to negotiate and bind the Postal Service on significant matters, provide consultation or expert advice to management, plan long-term or short-term business objectives, resolve matters of significance on behalf of management, or represent the Postal Service in handling complaints, arbitrating disputes, or resolving grievances. (Plfts.' Opp'n Br. 7.) The Inspectors support their assertion that they do not meet any of the factors listed above with the declarations of a number of Inspectors. (See Docket No. 335, Attachment 3 ("Postal Inspector Declarations").)[9] Thus, the Inspectors have offered evidence that they

---

[9]   The Postal Service has objected to the declarations on the grounds that the declarations were submitted after the discovery cut-off and after the Postal Service filed its summary judgment motion, and the Inspectors had not previously identified the declarants as witnesses or as individuals likely to have discoverable information. (Docket No. 351 ("Def.'s Supp. Objections to Plaintiffs' Evidence") at 1-2; see also, Docket No. 338 ("Def.'s Objections to Plaintiffs' Evidence") at 1 (objecting to the declarations submitted in support of the Inspectors' opposition to the Postal Service's motion for summary judgment for the same reasons).) However, review of the declarants shows that many of them are party-plaintiffs in this action. For example, Mark Zielke consented to be become a party (Docket No. 217), as did Richard Atwood (Docket No. 219), John Danks (Docket No. 219), John Ebsworth-Mojica (Docket No.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 03-01611-JVS (ANx)          Date   October 7, 2011

Title   Robert Nigg, et al. v. U.S. Postal Service, et al.

did not exercise the quality of discretion and independent judgment required under 29
C.F.R. § 541.202(b).

Second, the Inspectors argue that their primary duty does not involve the exercise
discretion and independent judgment because their discretion and judgment are limited by
the detailed operating procedures set forth in the Inspection Service Manual ("Manual").
(Plfts.' Mot. Br. 18.) According to the Department of Labor regulations, inspectors are
not subject to the administrative exemption where "their work involves the use of skills
and technical abilities in gathering factual information, applying known standards or
proscribed procedures, determining which procedure to follow, or determining whether
prescribed standards or criteria are met." 29 C.F.R. § 541.203(j). Indeed, "[t]he exercise
of discretion and independent judgment must be more than the use of skill in applying
well-established techniques, procedures or specific standards described in manuals or
other sources." 29 C.F.R. § 541.202(e). The Inspectors argue that their primary duties fall
within these regulations because in performing their duties, they must follow the detailed
operating procedures contained in the Manual.

The Inspectors offer evidence that Postal Inspectors are given a copy of the Manual
during their training. (See Behnen Depo. 8:25-9:6, Verrochio Depo. 21:6-10.) In their
Statement of Undisputed Facts ("SUF"), the Inspectors assert that Postal Inspectors are
required to follow the directives in the Manual and may be disciplined if they fail to
follow the directives in the Manual. (Plfts.' SUF ¶¶ 46-47.) In support of their assertions,
they cite the deposition testimony of James Belz. However, review of the deposition
testimony reveals that it does not support the Inspectors' assertions or even discuss the
Manual at all. (See Docket No. 312, Attachment 13, Belz Depo. 57:20-58:12, 60:18-23.)
Thus, although the Inspectors offer evidence that they receive the lengthy Manual, they
have not provided any evidence that their discretion is constrained to applying the
"techniques, procedures, or specific standards" outlined in the Manual. 29 C.F.R. §
541.202(e). The Postal Service, on the other hand, offers evidence that although the
Manual "provides guidance with respect to various tools and methodologies which can be
used in a given situation, i.e., polygraphs, electronic surveillance, mail covers, etc., it is

226), Sandra Galli (Docket No. 226), and Keith Hannon (Docket No. 232). Because it is self-
evident that parties may have discoverable information, the Court declines to strike the
declarations of any party-plaintiffs simply because they were not previously identified in
accordance with Federal Rule of Civil Procedure 26(a). If the Inspectors plan to have the party-
plaintiffs testify, however, the party-plaintiffs must first be made available for depositions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 03-01611-JVS (ANx) | Date | October 7, 2011 |

| | |
|---|---|
| Title | Robert Nigg, et al. v. U.S. Postal Service, et al. |

not a 'how-to' book providing step by step instruction in how to conduct investigations." (Miskanic Decl. ¶ 17.)[10]

Although it is a close call, the Court finds that the Inspectors have raised a triable issue of fact on this issue. Although the Inspectors concede that they exercise discretion and independent judgment in performing their day-to-day activities, they have provided declarations that contradict the Postal Service's evidence that their discretion is exercised as part of their primary duty. Considering the factors outlined in 29 C.F.R. § 541.202(b), there is a triable issue of fact that the Inspectors' primary duty does not involve the type of discretion and independent judgment required by the regulations.

Accordingly, the Court declines to grant summary judgment on this issue.

        3.     *Does 29 C.F.R. § 541.3(b)(1) Preclude Application of the Administrative Exemption to Postal Inspectors?*

The Inspectors argue that under 29 C.F.R. § 541.3(b)(1), the administrative exemption cannot apply to Postal Inspectors. Section 541.3(b)(1) provides that:

The section 13(a)(1) exemptions and regulations . . . do not apply to police officers, detectives, deputy sheriffs, state troopers, highway patrol officers, investigators, inspectors, correctional officers, parole or probation officers park rangers, fire fighters, paramedics, emergency medical technicians, ambulance personnel, rescue workers, hazardous materials workers and similar employees . . . who perform work such as preventing, controlling or extinguishing fires of any type; rescuing fire, crime or accident victims; preventing or detecting crimes; conducting investigations or inspections for violations of law; performing surveillance;

---

    [10]  Additionally, the Court notes that the Department of Labor regulations also provide that "use of manuals, guidelines or other established procedures containing or relating to highly technical, scientific, legal, financial or other similarly complex matters that can be understood and interpreted only by those with advanced or specialized knowledge or skills does not preclude exemption under section 13(a)(1) of the [FLSA]." 29 C.F.R. 541.704. The Inspectors do not dispute that they conduct "complex criminal, civil, and administrative investigations" and that they "exercise skill and technical ability in the course of day-to-day activities." (Plfts.' SDF ¶¶ 44, 48.) Without any evidentiary support for their assertions that they merely use skill in applying the techniques, procedures, and standards set forth in the Manual and in light of section 541.704, the existence of the Manual does not raise a triable issue of fact on this issue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 03-01611-JVS (ANx)                    Date   October 7, 2011

Title   Robert Nigg, et al. v. U.S. Postal Service, et al.

pursuing, restraining and apprehending suspects; detaining or supervising suspected and convicted criminals, including those on probation or parole; interviewing witnesses; interrogating and fingerprinting suspects; preparing investigative reports; or other similar work.

29 C.F.R. § 541.3(b)(1). The Inspectors point out that they are "inspectors . . . who perform work such as . . . preventing or detecting crimes; conducting investigations or inspections for violations of law; performing surveillance; pursuing, restraining and apprehending suspects; detaining or supervising suspected and convicted criminals, including those on probation or parole; interviewing witnesses; interrogating and fingerprinting suspects; preparing investigative reports; or other similar work."

However, Postal Inspectors are not necessarily covered by this regulation. The Department of Labor has explained that 29 C.F.R. § 541.3(b)(1) was promulgated to clarify that "police officers, fire fighters, paramedics, EMTs, and other first responders are entitled to overtime pay." 69 Fed. Reg. 22122-01, 22129, 2004 WL 865626. The regulation is therefore commonly referred to as the "first responder" regulation. See, e.g., Mullins v. City of New York, --- F.3d ----, 2011 WL 3375552, at *9 (2nd Cir. Aug. 5, 2011); Maestas v. Day & Zimmerman, LLC, No. 09-019 JCH/LFG, 2010 WL 5625914, at *8 (D.N.M. Nov. 30, 2010); Rooney v. Town of Groton, 577 F. Supp. 2d 513, 535 (D. Mass. 2008). In the Preamble to the regulation, the Department of Labor explained that in enacting the regulation it had "no intention of departing from this established case law," referring to cases addressing the non-exempt status of fire department captains, police investigators, probation officers, environmental crimes investigators, paramedics and EMTs, and police sergeants and lieutenants. 69 Fed. Reg. 22122-01, 22129, 2004 WL 865626 (emphasis added). Although Sprague and Dymond had been decided years before the promulgation of the first responder regulation, the Department of Labor did not address whether the regulation would disturb the exempt status of Postal Inspectors under those cases or apply to Postal Inspectors at all. The only relevant insight the Department of Labor gave was that it did not intend to depart from the cited established case law.

Where a "regulation is unambiguous, its plain meaning controls unless such reading would lead to absurd results." United States v. Bucher, 375 F.3d 929, 932 (9th Cir. 2004) (citation omitted). Where a regulation is ambiguous, however, the Court "must defer to the agency's interpretation of its own regulations, unless that interpretation is 'plainly erroneous or inconsistent with the regulations or there is any other reason to suspect that the interpretation does not reflect the agency's fair and considered judgment

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 03-01611-JVS (ANx) | Date | October 7, 2011 |

| | |
|---|---|
| Title | Robert Nigg, et al. v. U.S. Postal Service, et al. |

on the matter in question.'" <u>Mullins</u>, 2011 WL 3375552, at *1 (quoting <u>Talk Am., Inc.</u> v. <u>Michigan Bell Tel. Co.</u>, 131 S. Ct. 2254, 2261 (2011) (brackets omitted)).

The Inspectors argue that the regulation is unambiguous. The Court disagrees. Although the first responder regulation provides that first responders are not exempt, the regulation goes on to state that first responders "do not qualify as exempt administrative employees <u>because</u> their primary duty is not the performance of work directly related to the management or general business operations of the employer or the employer's customers as required under § 541.200." 29 C.F.R. § 541.3(b)(3) (emphasis added). The Court is left to determine how to construe the regulation where the requirements of subsection (b)(1) are met but the employees' primary duty <u>is</u> the performance of work directly related to the general business operations of the employer, contrary to subsection (b)(3). The Court therefore finds that the regulation is ambiguous.

The Second Circuit reached the same conclusion when considering the first responder regulation in the context of the executive exemption. Sergeants in the New York City Police Department asserted claims against the City of New York for denial of overtime pay under the FLSA. <u>Mullins</u>, 2011 WL 3375552, at *1. The court considered whether the sergeants were exempt from overtime pay under the executive exemption or were non-exempt under the first responder regulation. <u>See id.</u> at *9. Subsection (b)(2) of the first responder regulation, which is analogous to subsection (b)(3) for the administrative exemption, explains that first responders "do not qualify as exempt executive employees because their primary duty is not management of the enterprise in which the employee is employed or a customarily recognized department or subdivision thereof as required under § 541.100." 29 C.F.R. § 541.3(b)(2). The court explained that the sergeants "engage[d] in types of activities that correspond with management . . .  and thus it is not entirely clear, for the purposes of the executive exemption, whether such activities should be considered exempt 'management' tasks . . . or as 'non-exempt' pursuant to section 541.3(b)." <u>Mullins</u>, 2011 WL 3375552, at *9. The Court therefore found that the regulation was ambiguous. <u>Id.</u> ("The meaning of the first responder regulation, when juxtaposed with the text of the bona fide executive exemption and, in particular, with the definition of management under 29 C.F.R. § 541.102, is at best ambiguous."). Likewise, in the context of the administrative exemption, the first responder regulation is ambiguous because there are situations where an employee is, for example, an inspector that performs duties covered by (b)(1), yet the employee's primary duties directly relate to the general business operations of the employer in contravention of subsection (b)(3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 03-01611-JVS (ANx)                Date   October 7, 2011

Title   Robert Nigg, et al. v. U.S. Postal Service, et al.

Although the regulation is ambiguous, reading subsections (b)(1) and (b)(3) together leads the Court to conclude that the three-prong test of section 541.200 remains the controlling test for determining whether the administrative exemption applies because the first responder regulation uses the section 541.200 test to find first responders exempt.[11] Thus, in determining whether section 541.3(b)(1) precludes the administrative exemption, the Court must consider not only whether the employee falls within the language of section 541.3(b)(1), but also whether the employee's primary duty directly relates to the management or general business operations of the employer, as noted in section 541.3(b)(3). This must be the case because the rationale explicitly articulated in the regulation for excluding first responders from the administrative exemption is that their primary duty does not directly relate to the management or general business operations of their employer. 29 C.F.R. § 541.3(b)(3). As explained in Section III.A.2.b. above, law enforcement officers working for law enforcement agencies generally do not perform primary duties that directly relate to the management or general business operations of their employers. Thus, it makes sense that they would not be covered by the administrative exemption. However, as also explained in Section III.A.2.b., Postal Inspectors do perform primary duties that directly relate to the general business operations of the Postal Service and its customers. Thus, Postal Inspectors do not fall within 29 C.F.R. § 541.3(b)(1) because unlike the first responders, the Inspectors' primary duties directly relate to the general business operations of their employer.

The Court's conclusion is supported by a Department of Labor opinion letter from February 15, 2007. DOL Opinion Letter, 2007 WL 541651 (Feb. 15, 2007). In the opinion letter, the Department addressed whether School Resource Officers ("SROs") qualify for the administrative exemption. After concluding that SROs qualify for the administrative exemption, the Court noted:

> Our conclusion that the SROs are exempt administrative employees is not affected by 29 C.F.R. § 541.3(b)(3). As discussed in § 541.3(b)(3), police officers, fire fighters, paramedics, emergency medical technicians and other similar employees listed in the regulations usually do not qualify for the administrative exemption because their primary duty is not the performance of work directly related to the

---

[11]   In the amicus brief in Mullins, the Secretary noted that the "first responder regulation does not purport to make all police officers non-exempt; the determining factor remains their primary duty." Mullins, 2011 WL 3375552, at *6 (internal quotation marks and citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 03-01611-JVS (ANx) | Date | October 7, 2011 |

| | |
|---|---|
| Title | Robert Nigg, et al. v. U.S. Postal Service, et al. |

management or general business operations of the employer, as is required for
exemption under § 541.200. The SROs, however, do perform work directly related
to the management or general business operations of the employer. As described
above, the SROs' primary duty of providing for the safety and security of the
students, staff, and property within the school system; planning to prevent safety
and security problems; and providing safety consulting advice to school
administrators is work that is directly related to the management and general
business operations of the school district. Thus, although police officers also often
work in an "office writing reports or performing similar desk work" and are not
generally exempt under the FLSA, that work is generally in furtherance of the
primary, law-enforcement-related mission of their employer, and therefore
constitutes "production" work for purposes of the administrative exemption. The
SROs, by contrast, work for schools whose purpose is to educate students.

2007 WL 541651. Thus, in a situation where it is unclear whether an employee is covered
by section 541.3(b), the Department of Labor explained that the correct inquiry is
whether the employee's primary duty is directly related to the management or general
business operations of his or her employer. Although the Department of Labor did not
address whether section 541.3(b) precludes the administrative exemption as to Postal
Inspectors, the Court finds the 2007 opinion letter instructive.[12] The 2007 opinion letter
therefore bolsters the Court's interpretation of section 541.3(b) by demonstrating that in
determining the applicability of section 541.3(b), the Court should consider whether the

---

[12]   Because section 541.3(b) is ambiguous, the Court must deter to the agency's
interpretation of the regulation unless it is "plainly erroneous or inconsistent with the
regulation[] or there is any other reason to suspect that the interpretation does not reflect the
agency's fair and considered judgment on the matter in question." See Talk Am., 131 S. Ct. at
2261 (2011) (internal quotation marks and citation omitted). The Department of Labor's
interpretation of section 541.3(b) in the February 15, 2007 opinion letter comports with the
Court's interpretation. It is not plainly erroneous or inconsistent with the regulations. The Court
acknowledges that the Department of Labor has not interpreted section 541.3(b) as it relates to
Postal Inspectors specifically and that the job duties of SROs differ somewhat from those of
Postal Inspectors. However, the Court finds the 2007 opinion letter instructive because the
Department expresses approval for considering whether an employee's primary duty relates to
the management or general business operations of the employer in order to determine whether
the employee is covered by 29 C.F.R. § 541.3(b). Cf. Mullins, 2011 WL 3375552, at *11 ("The
Secretary does not . . . eliminate the primary duties test in her interpretation of the first responder
regulation.").

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 03-01611-JVS (ANx) | Date | October 7, 2011 |

| | |
|---|---|
| Title | Robert Nigg, et al. v. U.S. Postal Service, et al. |

employee's primary duty directly relates to the management or general business operations of the employer.

Other courts have interpreted section 541.3(b) similarly. For example, correctional officers that detain and supervise inmates are not precluded from the executive exemption by section 541.3(b)(2). Crawford v. Lexinton-Fayette Urban Cnty. Gov't, No. 06-299-JBC, 2008 WL 2598345, at *6 (E.D. Ky. June 25, 2008). Rather than applying section 541.3(b) as a per se rule to the exclusion of section 541.200, the court explained that the "officers' exempt status turns on whether their salary and duties meet the requirements of the regulations." Id. The Court explained that where "employees' primary duties are management, they may qualify as exempt even if detention and supervision of suspected and convicted criminals" — duties that are covered by section 541.3(b)(1) — "are a part of their job." Id. at *3. Thus, the Court found that "the nature of [the correctional officers'] primary duties (i.e., whether they are managerial or whether they are detention and supervision) is a factual question for the jury."[13] Id. at *6. The Crawford court noted that its reading of section 541.3 was consistent with a 2005 opinion letter from the Department of Labor in which the Department explained that notwithstanding section 541.3(b), "the § 13(a)(1) exemptions may apply to police lieutenants, police captains, and fire battalion chiefs positions so long as the employees in these positions meet all of the requirements set out in the Regulations." Id. at *4 (quoting DOL Opinion Letter, 2005 WL 330862 (Oct. 14, 2005)). Similarly, a Lieutenant police officer that executes search

---

[13] The Court notes that in Crawford, the court's inquiry focused on whether the employees' primary duties were management because the exemption at issue in that case was the executive exemption. The first responder regulation provides that first responders "do not qualify as exempt executive employees because their primary duty is not management of the enterprise in which the employee is employed . . . as required by § 541.100." 29 C.F.R. § 541.3(b)(2). Thus, by analogy, where the exemption at issue is the administrative exemption, the proper inquiry would be whether the employees' primary duty is "the performance of work directly related to the management or general business operations of the employer or the employer's customers as required under § 541.200." 29 C.F.R. § 541.3(b)(3). Additionally, although the court in that case found that the jury would determine the officers' primary duty, the instructive point is that section 541.3(b) did "not preclude an analysis of whether an employee qualifies as an exempt or administrative employee." Crawford, 2008 WL 2598345, at *1. At the hearing, the Inspectors requested that the Court, like the Crawford court, allow the jury to determine whether section 541.3(b) precludes the administrative exemption. The Court declines to do so because in this case, unlike the Crawford case, the Court has found as a matter of law that the plaintiffs' primary duties relate to the general business operations of the employer or the employer's customers.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 03-01611-JVS (ANx)                    Date   October 7, 2011

Title   Robert Nigg, et al. v. U.S. Postal Service, et al.

warrants, testifies in court, prosecutes criminal offenders, initiates traffic stops, and supervises other offices has been found to be exempt under the administrative and/or executive exemptions. Rooney v. Town of Groton, 577. F. Supp. 2d 513, 522, 536 (D. Mass. 2008). The Court found that section 541.3(b) did not preclude application of the exemptions of section 13(a)(1) because the Lieutenant did not qualify as a "first responder" under section 541.3(b)(1). Id. at 536. Cf. Maestas 2010 WL 5625914, at *9 ("[T]he first responder regulation does not preclude an analysis of whether an employee qualifies as an exempt executive or administrative employee.").

Because the Inspectors' primary duty directly relates to the general business operations of the Postal Service and its customers, the Court finds that 29 C.F.R. § 541.3(b) does not preclude the applicability of the administrative exemption to the Inspectors.

For these reasons, neither party is entitled to judgment as a matter of law on the administrative exemption. The Court does hold, however, that the Inspectors' primary duty directly relates to the general business operations of the Postal Service and its customers.

B.    Highly Compensated Employee Exemption

The parties also dispute whether the Inspectors are exempt under the "highly compensated employee exemption" of 29 C.F.R. 541.601. This exemption provides that:

> An employee with total annual compensation of at least $100,000 is deemed exempt under 13(a)(1) of the [FLSA] if the employee customarily and regularly performs any one or more of the exempt duties or responsibilities of an executive, administrative or professional employee identified in subparts B, C or D of this part.

29 C.F.R. 541.601(a). The Postal Service argues that subsection (d) applies in this case. Under subsection (d), the highly compensated employee exemption applies if the employee earns an total annual compensation of at least $100,000 and his or her "primary duty includes performing office or non-manual work." 29 C.F.R. 541.601(d). The parties do not dispute that a significant number of the Inspectors receive total annual compensation of at least $100,000. (See Pltfs.' SDF ¶ 77.) Nonetheless, neither party is entitled to summary judgment on this issue because, as explained above, a genuine issue

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 03-01611-JVS (ANx) | Date | October 7, 2011 |
|---|---|---|---|

| Title | Robert Nigg, et al. v. U.S. Postal Service, et al. |
|---|---|

of fact remains as to whether the Inspectors' primary duty involves office or non-manual work.

Accordingly, the Court declines to grant summary judgment to either party on the applicability of the highly compensated employee exemption.

C.   Good Faith Defense

Finally, the Postal Service argues that even if the Inspectors are entitled to overtime wages under the FLSA, the Court should hold that the Postal Service is not liable because it has proven a good faith defense. Specifically, the Postal Service argues that its good faith reliance on the 1976 opinion letter in continuing to classify the Inspectors as administratively exempt precludes their liability under the Portal-to-Portal Act's good faith defense.

The Inspectors argue that the Postal Service waived the good faith defense by not pleading it. Under the Portal-to-Portal Act, an employer cannot be liable for failure to pay overtime compensation under the FLSA "if he pleads and proves that the act or omission complained of was in good faith in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation, of . . . the Administrator of the Wage and Hour Division of the Department of Labor." 29 U.S.C. § 259(a),(b) (emphasis added). Like § 259, Federal Rule of Civil Procedure 8(c) requires affirmative defenses to be pled. See Nat'l Ass'n of Realtors v. Champions Real Estate Servs., Inc., --- F. Supp. 2d ----, 2011 WL 3678722, at *8 (W.D. Wash. Aug. 22, 2011). "Nevertheless, a defendant may raise an affirmative defense for the first time at the summary judgment stage 'if the delay does not prejudice the plaintiff[s].'" Id. (quoting Norwood v. Vance, 591 F.3d 1062, 1075 (9th Cir. 2010)); see also Camarillo v. McCarthy, 998 F.2d 638, 639 (9th Cir. 1993) ("In the absence of a showing of prejudice, . . . an affirmative defense may be raised for the first time at summary judgment."). Thus, the Ninth Circuit has developed a liberal standard for pleading affirmative defenses under which a defense is not waived unless the delay prejudices the plaintiffs.

Here, the Inspectors cannot show that any delay in the Postal Service's assertion of the good faith defense has prejudiced them. On December 8, 2010, the Postal Service stated in its Status Report that it intended to assert the good faith defense to liability under § 259. (Docket No. 281 at 4.) The Postal Service also informed the Inspectors that it planned to assert the good faith defense in the supplemental interrogatory responses it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 03-01611-JVS (ANx) | Date | October 7, 2011 |
|---|---|---|---|

| Title | Robert Nigg, et al. v. U.S. Postal Service, et al. |
|---|---|

served on the Inspectors' counsel in April 2011 and its supplemental witness discloses
made in May and July 2011. (See Defs.' Reply Br., Exs. 3-6.) At the hearing, the
Inspectors acknowledged that they were able to depose witnesses about facts relevant to
the good faith defense. Although this case was filed in 2003, until recently the issue the
parties were litigating was comparability. Once the Court denied the Postal Service's
motion for reconsideration of the order denying summary judgment on the issue of
comparability, the parties began addressing the FLSA issues and the Postal Service
promptly informed the Inspectors that it would assert the good faith defense. Thus, the
delay has not prejudiced the Inspectors.

Accordingly, the Postal Service may assert the good faith defense.

"To be insulated from liability under §259's good faith exception, an employer
must show it acted in (1) good faith, (2) conformity with, and (3) reliance on the DOL's
regulations or the Administrator's Opinion Letter." Alvarez v. IBP, Inc., 339 F.3d 894,
907 (9th Cir. 2003). As explained above, genuine issues of material fact exist as to
whether the primary duties of Postal Inspectors have changed such that the 1976 opinion
letter is no longer controlling. For the same reason, the Court cannot conclude as a matter
of law that the Postal Service's denial of overtime pay was in conformity with the 1976
opinion letter.

Accordingly, the Court declines to grant summary judgment to either party with
respect to the good faith defense.

IV.   <u>CONCLUSION</u>

For the foregoing reasons, the Postal Service's motion is GRANTED IN PART
and DENIED IN PART and the Inspectors' motion is DENIED. The Court declines to
grant summary judgment to either party with respect to the administrative exemption, the
highly compensated employee exemption, and the good faith defense. However, the
Court finds as a matter of law that the primary duty of the Inspectors relates to the general
business operations of the Postal Service and its customers.[14]

---

[14] The Court notes that the Inspectors raised additional issues in their briefs, including the
limitations period for this action and the good faith defense to liquidated damages set forth in 29
U.S.C. § 260. (See Pltfs.' Opp'n Br. 17-19.) The Court believes that these issues should be

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 03-01611-JVS (ANx) | Date | October 7, 2011 |
|---|---|---|---|

| Title | Robert Nigg, et al. v. U.S. Postal Service, et al. |
|---|---|

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|

Initials of Preparer:     kjt

---

addressed in the damages phase rather than the liability phase of this action. Accordingly, the
Court does not address those issues in this Order.